# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

PAMELA R. GILL                                                       PLAINTIFF

V.                                             CIVIL ACTION NO. 3:15CV192-DAS

COMMISSIONER OF
SOCIAL SECURITY                                                    DEFENDANT

## FINAL JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows:

Consistent with the court's oral ruling following the parties' argument, the decision of the Commissioner of Social Security should be reversed, and the case remanded for further proceedings. The Administrative Law Judge determined plaintiff had the residual functional capacity to perform sedentary work, and as a consequence, that she could return to her past relevant work as it is performed in the general economy. In reaching this RFC determination, the ALJ discounted plaintiff's subjective complaints regarding the persistence and severity of pain because he found her complaints were not entirely credible. However, the ALJ did not include a detailed analysis related to his credibility determination as required by SSR 16-3p and 24 C.F.R. § 404.1529.

After the ALJ rendered his written decision, plaintiff submitted an updated Medical Source Statement from Dr. Ong—her treating physician. Because it was from February of 2015, approximately one-month after the ALJ's decision, the Appeals Council did not consider the additional medical evidence. However, Dr. Ong's Medical Source Statement clearly relates back to the relevant time period.

Plaintiff also submitted to the Appeals Council several statements from her supervisor and co-workers concerning the intensity and persistence of her symptoms. The Appeals Council found that the statements did not provide a basis for changing the ALJ's decision. However, this information not only lends credibility to plaintiff's subjective complaints, it also corroborates plaintiff's (and Dr. Ong's) claims that her symptoms caused her to miss three to four days of work each month. Therefore, because there is a reasonable probability that they could have affected the outcome of the ALJ's decision, the court finds them material.

THEREFORE, THIS CASE IS HEREBY REMANDED to the ALJ for further consideration. On remand, the ALJ is to conduct a detailed credibility determination pursuant to SSR 16-3p. In so doing, the ALJ should consider Dr. Ong's updated Medical Source Statement, as well as the statements provided by plaintiff's supervisor and coworkers.

SO ORDERED this, the 20th day of June, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE